# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MITCHELL BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:18-CV-1287 CAS |
| v. ) | |
| ) | |
| ZIMMER BIOMET HOLDINGS, INC., f/k/a ) | |
| BIOMET INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This removed diversity matter is before the Court on a motion to dismiss plaintiff's claims for lack of personal jurisdiction under Rule 12(b)(2), Federal Rules of Civil Procedure, filed by defendants Zimmer Biomet Holdings, Inc., Biomet Orthopedics, LLC, Biomet U.S. Reconstruction, LLC, Biomet Manufacturing, LLC, and Zimmer Spine, Inc. (collectively the "Zimmer Defendants"). Plaintiff Mitchell Bailey opposes the motion and it is fully briefed. After reviewing the record, the Court concludes that it lacks subject matter jurisdiction over this matter and the case must be remanded to state court.

## I. Background

Plaintiff Bailey filed suit on June 12, 2018, in the Circuit Court of St. Louis County, Missouri. The petition asserts that in September 2008, plaintiff had a Trinica Select Anterior Cervical Plate System ("Trinica"), with a Camlock screw-locking system, installed in connection with an anterior cervical discectomy and fusion surgery performed to fuse his C5-6 and C6-7 vertebrae. Plaintiff alleges that after continuing pain and lack of neck mobility, a medical exam in June 2013 revealed broken screws in the vertebral body of C7.

Plaintiff's petition alleges that the defendants collectively, jointly, and severally sold, promoted, manufactured, distributed, supplied, marketed, and designed the defective Trinica device, which was sold, implanted, and used in Missouri and other states. Plaintiff asserts claims for common law negligence (Count I), violation of the Missouri Merchandising Practices Act (Count II), strict liability (Count III), design defect (Count IV), strict liability failure to warn (Count V), negligent failure to warn (Count VI), breach of express warrant (Count VII), and breach of the warranty of merchantability (Count VIII).

On August 6, 2018, the Zimmer Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, asserting that federal diversity jurisdiction exists because the parties are citizens of different states and the amount in controversy exceeds $75,000. The Zimmer Defendants' Notice of Removal asserts that plaintiff is a citizen of Missouri, as does the petition. See Doc. 1 at 3, ¶ 11. The Notice of Removal asserts that defendant Zimmer Biomet Holdings, Inc., f/k/a Zimmer Holdings, Inc., is a Delaware corporation with its principal place of business in Indiana and is therefore a citizen of Delaware and Indiana; and that defendants Biomet Orthopedics, LLC, Biomet U.S. Reconstruction, LLC, and Biomet Manufacturing, LLC, are incorporated under the laws of Indiana with their principal places of business in Indiana and are therefore citizens of Indiana. Id. at 3-4, ¶¶ 12-13. The Notice of Removal also asserts that

> Zimmer Spine, Inc., was incorporated in Delaware until September 30, 2016, when it merged with Zimmer Biomet Spine, Inc. See Exhibit B, p. 6. Near the time of this merger, Zimmer Spine, Inc.'s principal place of business shifted from Minnesota to Colorado. At the present time, the new entity, Zimmer Biomet Spine, Inc., is a Delaware corporation with its principal place of business in Colorado. See Exhibit B, pp. 7-8. Thus, Zimmer Spine, Inc., is a citizen of Delaware and Colorado for purposes of determining diversity.

Doc. 1 at 4, ¶ 14.

The Notice of Removal admits that defendant Select Orthopedics, Inc. ("Select") is a citizen of Missouri and thus is not of diverse citizenship from plaintiff, but the Zimmer Defendants argue that Select's citizenship should be disregarded because it was fraudulently joined to defeat diversity jurisdiction. In support of their fraudulent joinder argument, the Zimmer Defendants do not assert that controlling state law precludes plaintiff's claims against Select, or that plaintiff's petition fails to assert a colorable claim against Select. Instead, they challenge plaintiff's claims factually, asserting they fail because Select was not involved in the design, manufacture, sale, or distribution of the Trinica device at issue, and did not design, manufacture, package, or label any orthopedic medical devices, or any components used to manufacture medical devices, including the Trinica or any of its components, that were implanted into plaintiff. The Zimmer Defendants also assert that at the time of plaintiff's surgery, Select was not in the business of selling or distributing the Trinica, and was not a distributor of products made available by Zimmer Spine, Inc., which made the Trinica available, but instead was a distributor of products made available by Biomet, Inc.[1] To support these assertions, the Zimmer Defendants rely on the affidavit of David Whitman, Select's President. See Doc. 1-3.

Thus, the Zimmer Defendants contend that because Select had no connection to the design, manufacture, sale, or distribution of the device at issue in the petition, there is no reasonable possibility that plaintiff can recover against Select, it was fraudulently joined in this case, and its citizenship should not be considered in determining diversity of citizenship.

Plaintiff responds that a current Google search for "Zimmer Spine Distributors" yields a recommendation to Select, and asserts that the affidavit of Select's president should be tested by

---

[1]As stated above, Biomet, Inc. is now known as Zimmer Biomet Holdings, Inc.

further discovery. Plaintiff contends that given the complexity of the interrelated Zimmer Defendant corporate entities, a determination as to Select's relationship with the other defendants is unfairly premature.

On the motion before the Court, the Zimmer Defendants move to dismiss plaintiff's claims against them for lack of personal jurisdiction pursuant to Rule 12(b)(2), arguing that the exercise of jurisdiction over them in this District would violate their due process rights because plaintiff's surgery took place in Illinois and they do not have sufficient contacts with the State of Missouri.

## II. Discussion

I.

Before it can reach the issue of personal jurisdiction raised by the Zimmer Defendants' motion to dismiss, the Court must determine whether it has subject matter jurisdiction over this removed action. "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. National Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006).

A defendant may remove an action originally filed in state court only if the case originally could have been filed in federal court. See 28 U.S.C. § 1441(a); Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992). Removal statutes are strictly construed, In re Business Men's Assurance

4

Co. of America, 992 F.2d 181, 183 (8th Cir. 1993), and all doubts about the propriety of removal are to be resolved in favor of remand. Central Ia. Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). Here, the Zimmer Defendants, as the parties invoking jurisdiction, bear the burden of proving that all prerequisites to jurisdiction are satisfied. Id.

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1) there must be complete diversity of citizenship between plaintiff and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). "It is settled, of course, that absent complete diversity a case is not removable because the district court would lack original jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 564 (2005) (cited case omitted).[2] "In the case of a removed action, diversity [of citizenship] must exist both when the state petition is filed and when the petition for removal is filed." Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (citing Koenigsberger v. Richmond Silver Mining Co., 158 U.S. 41, 49-50 (1895)). Where complete diversity of citizenship does not exist, 28 U.S.C. § 1447(c) requires a district court to remand the case to state court for lack of subject matter jurisdiction.

---

[2] In addition, "a defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was filed." Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145-46 (8th Cir. 1992); see 28 U.S.C. § 1441(b). In the Eighth Circuit, the presence of a forum state defendant in a removed action is a jurisdictional defect which may be raised at any time in a proceeding. Horton v. Conklin, 431 F.3d 602, 605 (8th Cir. 2005). However, the forum-defendant rule does not prohibit removal where the plaintiff has fraudulently joined a citizen of the forum state as a defendant. Couzens v. Donohue, 854 F.3d 508, 513 (8th Cir. 2017).

5

In removal cases, the district court reviews the petition pending at the time of removal to determine the existence of jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii); Ratermann v. Cellco P'ship, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009). "A defendant generally is required to cite the proper statutory basis for removal and to allege facts from which a district court may determine whether removal jurisdiction exists." Pet Quarters, Inc. v. Depository Trust and Clearing Corp., 559 F.3d 772, 778 (8th Cir. 2009).

To establish complete diversity of citizenship with respect to corporate parties, there must be allegations of a corporate party's state of incorporation and principal place of business. Sanders v. Clemco Indus., 23 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(c)(1). The citizenship of a limited liability company ("LLC") is not determined in the same way as that of a corporation, however. "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted). Thus, for limited liability companies such as defendants Biomet Orthopedics, LLC, Biomet U.S. Reconstruction, LLC, and Biomet Manufacturing, LLC, the Court must examine the citizenship of each member of the limited liability company to determine whether it has diversity jurisdiction. See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). For any members of LLCs that are limited liability companies, partnerships, limited partnerships, or trusts, facts concerning the underlying members, partners, trustees, or beneficiaries must be alleged in accordance with the rules applicable to each such type of entity. OHM Hotel Group, LLC v. Dewberry Consultants, LLC, 2015 WL 5920663, at *1 (E.D. Mo. Oct. 9, 2015).

Thus, a removing LLC defendant must assert facts as to the state(s) of citizenship of each of its members, and its members' members, both at the time of filing and of removal.

Here, the Zimmer Defendants' Notice of Removal fails to allege relevant jurisdictional facts as to the citizenship of defendants Biomet Orthopedics, LLC, Biomet U.S. Reconstruction, LLC, and Biomet Manufacturing, LLC, and instead alleges that these limited liability companies are "incorporated under the laws of the State of Indiana, with their principal place of business in Warsaw, Indiana." Doc. 1 at 4, ¶ 13. As a result, the Notice of Removal is procedurally defective because it does not allege sufficient facts to establish complete diversity of citizenship between plaintiff and the Zimmer Defendants, separate and apart from the issue of whether defendant Select Orthopedics, Inc. is fraudulently joined herein.

Because the Zimmer Defendants have not established that complete diversity of citizenship exists among the parties, they fail to meet their burden to prove that all prerequisites to jurisdiction are satisfied. Central Ia. Power Co-op., 561 F.3d at 912. As a result, the Court lacks subject matter jurisdiction over this matter and it must be remanded. 28 U.S.C. § 1447(c).

II.

In the interests of judicial economy and efficiency, the Court will assume for purposes of this opinion that the Zimmer Defendants could amend their Notice of Removal pursuant to 28 U.S.C. § 1653 to allege appropriate jurisdictional facts as to the citizenship of the three LLC defendants, and thereby establish complete diversity of citizenship between plaintiff and the Zimmer Defendants. Even if this occurred, however, the Court would not have subject matter jurisdiction over this action because the Zimmer Defendants do not establish that plaintiff fraudulently joined Select as a defendant.

7

This action is not removable on the face of the petition because it presents no federal question and defendant Select is a Missouri citizen. The Zimmer Defendants argue the case is removable because defendant Select was fraudulently joined. Fraudulent joinder is an exception to the rule that complete diversity of citizenship must exist both when the state petition is filed and when the notice for removal is filed. Knudson v. System Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011). A defendant seeking removal on the basis of fraudulent joinder bears the burden of proving "that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" Id. at 980 (quoting Filla v. Norfolk S. Railway Co., 336 F.3d 806, 810 (8th Cir. 2003)). Under this standard, "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Filla, 336 F.3d at 810 (quoted case omitted). Joinder of the diversity-destroying defendant is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Id. at 811. Significantly, the Eighth Circuit has instructed that in ruling on the issue of fraudulent joinder, a district court does not have the power to decide the merits of a case. Id.

The Eighth Circuit has explained that "[w]here applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." Filla, 336 F.3d at 810. "However, if there is a 'colorable" cause of action–that is, if the state law *might* impose liability on the resident defendant under the facts alleged–then there is no fraudulent joinder." Id. (underline emphasis added). In conducting the fraudulent joinder analysis, the district court is to resolve all facts in the plaintiff's favor. Id. at 811. The Filla standard for determining fraudulent joinder is less stringent than the dismissal standard under Rule 12(b)(6), which requires that a complaint "contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Junk v. Terminix Int'l Co., 628 F.3d 439, 445 (8th Cir. 2010) (quoted case omitted); see Knudson, 634 F.3d at 972 (rejecting argument that the Rule 12(b)(6) standard should apply to the doctrine of fraudulent joinder, holding Filla established the proper standard).

Here, the Zimmer Defendants do not contend that controlling state law precedent precludes plaintiff's claims against Select under the facts alleged, such that there is no "reasonable basis for predicting" that state law might impose liability against Select. Filla, 336 F.3d at 811. Instead, the Zimmer Defendants submit evidence to challenge the petition's factual allegations against Select and ask the Court to go well beyond the Rule 12(b)(6) standard. The Zimmer Defendants urge the Court to review the affidavit of Select's president and, based on that evidence, make a merits determination that plaintiff cannot establish a claim against Select. Essentially, the Zimmer Defendants ask the Court to find there are no disputes of material fact and that defendant Select is entitled to judgment as a matter of law.[3] Under Eighth Circuit precedent, this is not appropriate.

The Zimmer Defendants cite no controlling authority to indicate this Court should consider material beyond the petition's allegations to determine that there is no reasonable basis for predicting that state law might impose liability against Select based on the facts involved, as Filla requires. The Zimmer Defendants assert in the Notice of Removal that they "are allowed to present evidence to prove that Plaintiff does not have a reasonable basis in fact and law for recovery against non-diverse defendant Select," and cite Knudson, 634 F.3d at 980. Doc. 1 at 5, ¶ 19. Knudson does not support defendants' assertion, however, as the case does not stand for the proposition that a

---

[3]The Court notes that defendant Select has filed an Answer in this case (Doc. 17), not a dispositive motion.

removing defendant may prove fraudulent joinder by means of an evidentiary challenge to a state court petition's factual allegations. In Knudson, the Eighth Circuit was not called upon to address whether material beyond a petition's allegations, such as affidavits, may be considered in determining fraudulent joinder. The Eighth Circuit stated that a removing defendant must "do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion," id. at 980, and then examined the petition's factual allegations and Missouri case law to determine whether a reasonable basis existed under controlling Missouri law for the plaintiff to impose liability on a co-employee for negligence in the workplace, or whether such a claim would be barred by Missouri's workers' compensation laws. Id. at 980-82. The Eighth Circuit observed that "the question of whether a plaintiff has fraudulently joined a defendant requires a close analysis of state law," though the "question is ultimately one of federal law." Id. at 978. The Eighth Circuit's analysis in Knudson illustrates that the "more" a removing defendant must do to establish fraudulent joinder is to show that controlling state law precludes the existence of a cause of action against the non-diverse defendant, under the facts alleged. See Filla, 336 F.3d at 810.

In the context of fraudulent joinder, neither the Eighth Circuit nor the Supreme Court has instructed courts to consider material beyond the state court petition in order to evaluate whether a reasonable basis exists for a plaintiff to establish a claim against a diversity-destroying defendant. This Court has frequently declined to review such evidence when examining allegations of fraudulent joinder. See, e.g., Dillard v. Silvercote, LLC, 2018 WL 2364281, at *4 (E.D. Mo. May 24, 2018) (under Filla standard, declining to review evidence outside the pleadings–plaintiff's deposition testimony and affidavits of defendant's employees–to determine whether fraudulent joinder existed); Klotz v. CorVel Healthcare Corp., 2005 WL 3008515, at *5 (E.D. Mo. Nov. 9,

10

2005) ("Consideration of . . . exhibits would be appropriate if the Court were considering a dispositive motion. In ruling on the motion to remand, however, the Court's 'task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability upon the facts involved' and it must resolve all facts in the plaintiff's favor. The Court should not step from the threshold jurisdictional issue into a decision on the merits.") (quoting Filla, 336 F.3d at 811); C.C. ex rel. Chambers v. Union Pac. R. Co., 2005 WL 2406027, at *3 (E.D. Mo. Sept. 28, 2005) ("the Court finds it inappropriate to determine the issue of fraudulent joinder based on the submitted substantive evidence"); Wandel v. American Airlines, Inc., 2005 WL 2406017, at *3 (E.D. Mo. Sept. 28, 2005) (same); Heimann v. Burlington N. Santa Fe Ry. Co., 2005 WL 1474142, at * 2 (E.D. Mo. June 14, 2005) ("the Court does not believe that basing its decision on the exhibits provided by [defendant] would be appropriate in this matter"); Whittley v. Burlington N. & Santa Fe Ry. Co., No. 4:04-CV-24 DJS (E.D. Mo. Apr. 26, 2004) (same); see also Schwenk v. Sears, Roebuck & Co., 822 F. Supp. 1453, 1455 (D. Minn. 1993) ("it is inappropriate to apply a summary judgment standard to a claim of fraudulent joinder.").

In the instant case, plaintiff's petition alleges that Select, with the other defendants, collectively, jointly, and severally sold, promoted, manufactured, distributed, supplied, marketed, and designed the defective Trinica device that was implanted in plaintiff. The Court's "task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability upon the facts involved," and it resolves "all facts . . . in the plaintiff's favor." Filla, 336 F.3d at 811. The Zimmer Defendants do not attempt to show that controlling state law precludes a cause of action against Select under the facts alleged. For the reasons discussed above, the Court will not consider material beyond the petition's allegations in connection with the

11

fraudulent joinder analysis. The Court finds that the Zimmer Defendants fail to meet their burden to prove plaintiff's claim against Select has no reasonable basis in fact and law. See id. at 810. The Court therefore concludes that plaintiff did not fraudulently join Select as a defendant in this action. As both plaintiff and Select are citizens of Missouri, the Court lacks subject matter jurisdiction over this action because complete diversity of citizenship is not present as required by 28 U.S.C. § 1332(a), and the case must be remanded to state court. See 28 U.S.C. § 1447(c).

### III. Conclusion

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this removed case because the Zimmer Defendants have failed to establish the existence of complete diversity of citizenship, as they do not assert relevant jurisdictional facts concerning the citizenship of the three LLC defendants. As a result, the case must be remanded pursuant to 28 U.S.C. § 1447(c).

Assuming for purposes of this opinion that complete diversity of citizenship could be shown to exist between plaintiff and the Zimmer Defendants, the Court finds that the Zimmer Defendants have not shown it is clear under controlling state law that plaintiff's claims against the non-diverse defendant, Select Orthopedics, Inc., have no reasonable basis in law and fact. As a result, the Court concludes it lacks subject matter jurisdiction over this matter and the case must be remanded to state court. 28 U.S.C. § 1447(c). The Zimmer Defendants' motion to dismiss for lack of personal jurisdiction remains pending for resolution by the state court following remand.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Circuit Court for St. Louis County, State of Missouri, for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

An appropriate Order of Remand will accompany this Memorandum and Order.

                                               */s/ Charles A. Shaw*
                                               **CHARLES A. SHAW**
                                               **UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of October, 2018.